UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 1:09-CR-10295 |
| v. ) | 1:20-CR-10228 |
| ) | 1:23-CR-1024 |
| ALVIN RIVERA ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Alvin Rivera stands before this Court having accepted responsibility for his actions. He joins the government in asking this Court to sentence him to 102 months followed by 36 months of supervised release. This sentence reflects the seriousness of the offense and accounts for Mr. Rivera's prompt acceptance of responsibility and personal characteristics. Such a sentence is "sufficient but not greater than necessary" to fulfill the dictates of 18 U.S.C. §3553(a).

I.   ALVIN RIVERA'S BACKGROUND

Alvin Noel Rivera was born in Rio Piedra, Puerto Rico. Mr. Rivera relocated to Massachusetts when he was two years old, and his mother and stepfather raised him along with his four half-siblings. Mr. Rivera never knew his father. Meanwhile, Mr. Rivera's stepfather was abusive towards his mother. Though Mr. Rivera tried to intervene, his attempts were unsuccessful. When Mr. Rivera was seven years old, his stepfather and mother separated. Mr. Rivera's mother was also abusive towards him; she relied on physical discipline to control him and his half-siblings. Despite being diagnosed with attention deficit hyperactivity disorder (ADHD), Mr. Rivera never received treatment for it because his mother refused medications. Mr. Rivera's family struggled financially. His mother worked minimum wage jobs, and the family

1

received public assistance. Eventually his mother's physical discipline and absence strained their relationship, so Mr. Rivera left the house to go live with other people, including his aunt and his girlfriends. Despite his tense relationship with his mother, Mr. Rivera nonetheless maintained frequent contact with her until her death in 2008.

Mr. Rivera acknowledges that he committed several offenses as a teenager and was committed to DYS custody for a period of time. Mr. Rivera left school in the ninth grade to take care of his pregnant girlfriend, Melissa Arroyo. Mr. Rivera maintains a close relationship with his two daughters, Tatiana and Tanisha, although they were adopted by extended family in Puerto Rico. Later, he helped his daughters relocate out of Puerto Rico in 2018 when intense flooding devastated the country. Mr. Rivera has another daughter, Makailynn, with whom he remains very close.

Admittedly, Mr. Rivera spent his adult years in and out of custody; nonetheless, Mr. Rivera has maintained strong relationships with his family. Mr. Rivera entered a relationship with Christina Rodriguez a few years ago, and he recently married her. He describes his wife as a positive influence in his life and characterizes their relationship as supportive. While incarcerated, Mr. Rivera maintained strong relationships with his daughters, wife, aunt, and grandparents.

Despite only completing the ninth grade, Mr. Rivera took strides to finish his education and obtain vocational skills while incarcerated. He obtained his GED in 2005. While incarcerated at the Essex County Correctional Facility, Mr. Rivera completed a barber training program and secured an Apprenticeship License. He also completed several programs such as OSHA 10, Construction Management, Science and Technology, and Entrepreneurship. Additionally, Mr.

Rivera completed several courses while incarcerated for this offense. Some of these course include: career readiness; money and investing; exploring science and technology; construction math; and greatest business stories.

II.     REASONABLENESS OF THE AGREED-UPON SENTENCE

Pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C), the government and Mr. Rivera have agreed that a sentence of 102 months and 36 months of supervised release is appropriate and reasonable under 18 U.S.C. §3553.

A.  Guidelines Calculations

As calculated by the pre-sentencing report, Mr. Rivera's total offense level is 27 which, with a criminal history category V,[1] provides a guideline sentencing range of 120-150 months. This calculation includes a two-level enhancement under U.S.S.G. §2B1.1(b)(11)(A)(i) for use of a card printer. Mr. Rivera objects to this enhancement and notes that the plea agreement entered into with the Government omits its application. Absent this enhancement, his offense level would be 25, providing a guideline sentencing range of 100-125 months. With the mandatory 24 consecutive months required by his plea to the aggravated identity theft charge, this calculation produces a sentencing range of 124-149 months.

B.  A 102 Month Sentence is Sufficient but not Greater than Necessary to Accomplish the Goals of Sentencing

In all sentencing proceedings, the Court's determination comes down to deciding what punishment is fair, necessary, and appropriate, given all the relevant facts and circumstances. The

---

[1] We ask that the PSR be amended on page 22, ¶¶ 73 & 73 – the Nashua District Court warrant has been removed and the Lawrence District Court case has been dismissed.

Court must conduct a "more holistic inquiry" than reviewing a guidelines calculation. "[s]ection 3553(a) is more than a laundry list of discrete sentencing factors; it is, rather, a tapestry of factors, through which runs the thread of an overarching principle." *Kimbrough v. United States*, 558 U.S. 85 (2007). That overarching principle is to "impose a sentence sufficient but not greater than necessary to accomplish the goals of sentencing." *Id*. In determining the appropriate sentence, the district court should "consider all the relevant factors" and "construct a sentence that is *minimally sufficient* to achieve the broad goals of sentencing." *Id*. (emphasis added).

In addition to considering the guideline sentencing range and Mr. Rivera's personal history, the Court must fashion a sentence that satisfies the four goals of sentencing set out in 18 U.S.C. §3553(a)(2): punishment, deterrence, incapacitation, and rehabilitation. A sentence of 102 months, followed by 36 months of supervised release, fulfills those needs here.

The first purpose of sentencing is to "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. §3553(a)(2)(A). Mr. Rivera's conduct is undoubtedly serious, which this sentence reflects. The median sentence for similarly situated defendants was 100 months while the mean sentence was 105 months.[2] Mr. Rivera's agreed-upon sentence of 102 months is appropriate in light of these statistics. This data also suggests that a 102-month sentence will provide sufficient general and specific deterrence.

Incarceration of more than 102 months is not necessary for Mr. Rivera's rehabilitation. He has maintained contact with the positive support systems in his life, especially his wife. Mr. Rivera is more committed than ever to maintain his relationships with his family, as he has already missed

---

[2] The Bureau of Prisons provided JSIN data for defendants whose primary guideline was §2B1.1 and were convicted of at least one count of 18 U.S.C. § 1028A, with a Final Offense Level of 27 and a Criminal History Category of V.

4

family milestones such as the birth of his second granddaughter. Mr. Rivera's efforts to maintain his familial ties have incentivized him to better himself so he does not repeat any of his past criminal conduct. Since his detention in this case, Mr. Rivera has completed several programs so he can develop his professional skills and seek lawful employment upon his release. Three years on supervised release can also provide Mr. Rivera the structure and support he needs to stay on the right path. Moreover, additional incarceration is not going to aid his rehabilitation. Right now, Mr. Rivera is working to improve his health. He is maintaining a diet to lower his cholesterol and meditating to manage his ADHD. A prison environment is not conducive to helping Mr. Rivera meets these health goals, so additional incarceration will only hinder his physical rehabilitation.

C. STRUCTURE OF THE SENTENCE

Mr. Rivera appears before the Court with three pending docket numbers:

- 09-CR-10295 – Supervised Release Case
- 20-CR-10228 – original Massachusetts prosecution in this matter
- 23-CR-10024 – New Jersey case, transferred to Massachusetts pursuant to Rule 20

The parties jointly propose that the sentence of 102 months be imposed on all three docket numbers concurrent with each other. With respect to the 09-CR-10295, that sentence would be 21 months, the statutory maximum, with no supervision to follow. With respect to docket number 23-CR-10024, that sentence would be 102 months, with 3 years of supervised release. With

respected to docket number 20-CR-10228, that sentence would be 78 months on counts 1 & 2, with 24 months consecutive on count 3, also with 3 years of supervised release.

III.     CONCLUSION

For all the above reasons, Mr. Rivera requests that the Court accept the plea agreement and impose a sentence of 102 months followed by 36 months of supervised release. We respectfully submit that accepting the plea agreement and imposing the sentencing terms would fulfill the purposes of 18 U.S.C. §3553(a).

    Respectfully submitted,

    ALVIN RIVERA
    by his attorney
    */s/ Jessica Thrall*
    Jessica Thrall, BBO#670412
    FEDERAL PUBLIC DEFENDER OFFICE
    51 Sleeper Street, 5th Floor
    Boston, MA 02210
    617-223-8061
    Jessica_Thrall@fd.org

**Certificate of Service**

I, Jessica Thrall, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants.

Date:   7/20/23                        */s/ Jessica Thrall*
                                            Jessica Thrall